# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.            Case No. 07-CR-316

**WESLEY HOZE, et. al.,**

    **Defendants.**

## ORDER DENYING MOTION TO FILE INSTANTER

  On November 19, 2007, this court signed a criminal complaint charging David Stribling ("Stribling") and Wesley Hoze ("Hoze") with armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a), 2113(d) and 2. The defendants appeared before this court on the afternoon of November 19, 2007. On December 4, 2007, the grand jury returned a two count indictment against the two defendants named in the complaint, alleging in count one that the defendants committed an armed bank robbery in violation of Title 18, United States Code, Sections 2113(a) and (d), and in count two that the defendants possessed a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1) and (2). At the defendants' arraignment on December 5, 2007, the defendants were advised of this court's order establishing December 26, 2007 as the deadline for pretrial motions. On December 18, 2007, the grand jury returned a superseding indictment adding two defendants to count one.

  On December 27, 2007, Hoze, by his attorney Kathleen Quinn, filed various discovery related requests and a motion to file these requests instanter. As cause for Attorney Quinn's failure to meet this court's deadline, she states she was on the east coast for the Christmas holiday and that

she had a "hectic work schedule leading up to the Christmas holiday and during this Christmas week." (Docket No. 24.)

The court will deny the motion to file instanter because none of Hoze's requests are motions and thus do not require the attention of this court. Hoze's filings are merely discovery related requests of the government. While failure to comply with such requests could result in a future motion for relief, e.g., failure to comply with Brady requirements, nothing of that sort is currently before the court. Even though the denial of the defendant's motion has no practical effect on his requests, comment must be made on the reasons prompting the motion. The court notes that this is the second recent case in which Attorney Quinn has been unable to meet this court's pretrial motion schedule. (See Docket No. 12, November 30, 2007, United States v. Anwar Avery, 07-CR-274.) No reason for a one day delay was given in that case. Here, the hectic events accompanying the Christmas holiday should not have been a surprise for Attorney Quinn; travel plans are made in advance, and a flurry of work activity is not unusual at this time of year. The court will use this order to caution Attorney Quinn that compliance with court deadlines is viewed seriously. In the future, if more time is needed for good cause, a motion for same should be filed in advance of the expiration of the deadline.

**IT IS THEREFORE ORDERED** that Hoze's motion to file instanter, (Docket No. 24), is **denied**.

Dated at Milwaukee, Wisconsin this 28th day of December, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge