# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                             **Case No. 07-CR-316**

**DAVID STRIBLING, et. al.,**

      **Defendants.**

## ORDER TRANSFERRING CASE

On November 19, 2007, this court issued a criminal complaint charging David Stribling ("Stribling") and Wesley Hoze ("Hoze") with armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a), 2113(d) and 2. On December 4, 2007, the grand jury returned a two count indictment against the two defendants named in the complaint, alleging in count one that the defendants committed an armed bank robbery in violation of Title 18, United States Code, Sections 2113(a) and (d), and in count two that the defendants possessed a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1) and (2). On December 18, 2007, the grand jury returned a superseding indictment adding two defendants to count one.

On December 19, 2007, Stribling filed a motion to sever his trial from that of Hoze, (Docket No. 14), and a motion to suppress statements, (Docket No. 15). The court conducted an evidentiary hearing regarding Stribling's motion to suppress and on January 18, 2008 the court issued a recommendation regarding this motion. (Docket No. 33.) The court also denied Stribling's motion to sever defendants on the basis that he was misjoined under Federal Rule of Criminal Procedure

8(b) but denied his motion for severance for prejudicial joinder under Rule 14(a) without prejudice on the basis that it was premature. (Docket No. 33.)

In light of the superseding indictment, Stribling has now renewed his motion for relief from prejudicial joinder under Rule 14(a). (Docket No. 42.) This motion remains premature because prejudice again depends upon facts unknown at this time, specifically which other defendants shall proceed to trial and the government's intended use of these defendants' statements. However, rather than again denying Stribling's motion without prejudice, thus requiring him to refile this motion should the potential for prejudice become likely as trial approaches, this court shall instead transfer this case to the Honorable Lynn Adelman without resolving this motion and defer resolution to Judge Adelman.

**IT IS THEREFORE ORDERED** that this case to defendants David Stribling, (Defendant No. 1), Wesley Hoze (Defendant No. 2), and Angelique Kittell, (Defendant No. 4), is transferred to the Honorable Lynn Adelman.

Dated at Milwaukee, Wisconsin this 8th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
